UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

IRIS L. ANDERSON,

        Petitioner,

v.                                    Case No. 5:02-cv-228-Oc-10GRJ

JAMES V. CROSBY, JR.,[1] et al.,

        Respondents.
_____

## ORDER DENYING THE PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## Conviction and Sentence

Petitioner challenges a 2001, Marion County, state court conviction for one count of possession of a firearm by a felon. Petitioner pled guilty and was sentenced to a three-year minimum mandatory sentence. Petitioner did not file a direct appeal.

## Timeliness of Petition

Respondents concede that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1).[2]

## Claims of Petition

In the Petition, the Petitioner claims the following grounds for relief:

---

[1] Pursuant to Rule 25(d) of the Federal Rule of Civil Procedure, James V. Crosby, Jr., is hereby substituted for Michael Moore as the Secretary of the Florida Department of Corrections.

[2] Respondents' Response to Petition (Doc. 12) at 6.

(1) that his conviction was obtained by use of evidence gained pursuant to an unlawful arrest because the probable cause affidavit accompanying the arrest warrant contained a false address and an altered notary date; and,

(2) that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure because the investigating officer acted outside his jurisdiction and authority in obtaining records from Mark's Pawn Shop.

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[3] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[4] Petitioners' pro se status does not alone amount to good cause.[5]

A petition for writ of habeas corpus should not be entertained unless the

---

[3] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[4] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

[5] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir.) cert. denied, 498 U.S. 832 (1990).

Petitioner has first exhausted his state remedies.[6] The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory.[7] Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[8] The Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.[9] A full and fair opportunity involves the proper presentation,[10] and substance of, the federal constitutional claim.[11] Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[12]

Respondents urge this Court to find that both grounds one and two of the instant petition are procedurally barred and that the Petition should be denied for that reason.

A review of the record in state court shows that Petitioner raised grounds one

---

[6] Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, *reh'g denied*, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).

[7] Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513 (1971).

[8] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[9] Id.

[10] Castille at 351.

[11] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

[12] Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, *reh'g denied*, 501 U.S. 1277 (1991).

and two in a state petition for writ of habeas corpus on October 12, 2001.[13] Petitioners' state habeas petition was denied without written opinion on February 21, 2002.[14] Petitioners' petition for review with the Florida Supreme Court was dismissed for lack of jurisdiction on April 8, 2002.[15]

On April 22, 2002, Petitioner raised grounds one and two in a motion to vacate his judgment and sentence pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.[16] Petitioners' motion was denied without hearing on April 30, 2002.[17] In denying the motion, the state court found that: (1) the motion was facially deficient because it did not meet the pleading and oath requirements of Rule 3.850 and Rule 3.987; (2) *Petitioners' claims were procedurally barred because they should have been raised on direct appeal*; and (3) Petitioner failed to state grounds that entitle him to relief.[18] The order denying Petitioner's Rule 3.850 motion was *per curiam* affirmed on appeal.[19]

Accordingly, the Court finds that because the state court found that grounds one and two were not raised in state court in a procedurally correct manner, Petitioner is now barred from pursuing these claims on federal habeas review unless

---

[13] See Appendix to Respondents' Response (Doc. 13) (hereinafter App.) at Ex. I.

[14] App. at Ex. L.

[15] App. at Ex. L-1.

[16] App. at Ex. R.

[17] App at Ex. S.

[18] Id (emphasis added).

[19] App. at Ex. T.

he can make a showing of cause and actual prejudice for his procedural default.[20]

## Cause and Prejudice

In order to gain review of an otherwise procedurally defaulted claim, Petitioner must demonstrate both cause excusing the default and actual prejudice from the bar.[21] To show cause, Petitioner must establish that the default resulted "from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributed to his own conduct."[22] To show prejudice, the petitioner "must show that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'"[23]  In this instance, Petitioner does not even argue, much less establish cause and actual prejudice,  for his procedural default.  Nor can he as any such argument is clearly refuted by the record.

As to ground one, Petitioner argues that the probable cause affidavit contained an incorrect address for Mark's Pawn Shop and that the notary date was altered.  However, both these discrepancies were easily discoverable during Petitioner's criminal proceedings or during the time to file an appeal.  Therefore, Petitioner has not, and cannot show that an objective factor, external to the defense,

---

[20] See Parker v. Sec'y for the Dept. of Corr., 331 F.3d 764, 770 (11th Cir. 2003), cert. denied, 540 U.S. 1222 (2004); Bailey v. Nagle, 172 F.3d at 1302.

[21] Hill v. Jones, 81 F.3d 1015, 1022-23 (11th Cir. 1996).

[22] Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999) (citing McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir 1992)).

[23] Id.

prevented him from raising this claim. Instead, it appears that Petitioner simply failed to notice the discrepancies in a timely manner.

As to ground two, during his criminal proceedings, Petitioner filed a Motion to Suppress Evidence.[24] In that motion, Petitioner argued that the evidence obtained from Mark's Pawn Shop should be suppressed because the police officer was acting outside his jurisdiction when the evidence was obtained. After a hearing, Petitioner's motion was denied. Thus, Petitioner clearly knew about this claim at the time of trial and during the time in which he could have taken a timely appeal. Despite his knowledge of this claim, Petitioner pled guilty and chose not to file a direct appeal. Therefore, Petitioner is unable to show cause for his default.

Fundamental Miscarriage of Justice

Despite the fact that Petitioner has failed to make a showing of cause and actual prejudice for his procedural default, "a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice."[25] However, "[t]he fundamental miscarriage of justice exception is only available in extraordinary cases"[26] such as "where a constitutional violation has resulted in the conviction of someone who is

---

[24] App. at Ex. S.

[25] Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam), cert. denied, 538 U.S. 947 (2003) (citing Murray v. Carrier, 477 U.S. 478, 495-95, 106 S.Ct. 2639, 2679 (1986)).

[26] Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), cert. denied, 535 U.S. 926 (2002) (citations omitted); see also McClesky v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470 (1991).

actually innocent."[27]  "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense."[28]  Moreover, to be credible, Petitioner's actual innocence claim "must be based on reliable evidence not presented at trial."[29]

Here, Plaintiff does not argue, much less establish that a fundamental miscarriage of justice will occur if his claims are not heard on the merits.

### Conclusion

As set forth in this Order, grounds one and two of the instant Petition are procedurally defaulted.  Moreover, Petitioner failed to make a showing of cause and actual prejudice for the default, or that a fundamental miscarriage of justice will occur if those issues are not addressed on the merits. Accordingly, the Petition is **DENIED** with prejudice.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 31st day of May 2005.

_____
UNITED STATES DISTRICT JUDGE

c:  Iris L. Anderson
    Counsel of Record

---

[27] Murray v. Carrier, supra.

[28] Fortenberry v. Haley, 297 F.3d at 1222 (quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995)).

[29] Id (quoting Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489 (1998)).